UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LESLIE WILLIAMS, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-285 (VAB) |
| | : | |
| v. | : | |
| | : | |
| CITY OF HARTFORD, OPEN HEARTH | : | |
| HOMELESS SHELTER, | : | JULY 14, 2015 |
|     Defendants. | : | |

**INITIAL REVIEW ORDER**

Plaintiff, Leslie Williams, currently incarcerated at the Hartford Correctional Center in Hartford, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983. The Court received the Complaint on February 26, 2015, and granted the plaintiff's motion to proceed *in forma pauperis* on March 24, 2015. Defendants are the city of Hartford and the Open Hearth Homeless Shelter.

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**I.     Allegations**

For purposes of this review, the Court must assume the truth of the following allegations. *Twombly*, 550 U.S. at 555.

On March 4, 2008, Mr. Williams was released from prison.  He elected to go to the Open Hearth Homeless Shelter because it offered a residential work program.  After an interview by facility staff, he was denied admittance because he had been convicted of a sex offense.  Mr. Williams notes that no children frequented or resided within the facility or were present on the work sites.  He was permitted to remain in the shelter section of the facility for fourteen days.  After that time, he was required to leave for thirty days.  After the thirty days had passed, Mr. Williams could return to the shelter for another fourteen days.

On March 5, 2008, Mr. Williams applied for financial assistance from the city of Hartford's welfare program.  He was denied assistance.  Mr. Williams contends that he should have been considered "temporarily handicapped and out of touch with the everyday functions of society" because he had just completed a term of imprisonment longer than two years.  Therefore, Mr. Williams argues, he had a property interest in receiving additional benefits which were denied by Hartford's welfare assistance program.  These additional benefits include: clothing and sneaker vouchers, food stamps and financial assistance, three months' rent in low income housing, $500.00 to purchase a vehicle, and money to purchase school supplies.

From March 4, 2008, through March 24, 2008, Mr. Williams unsuccessfully attempted to obtain employment.  He attributes his lack of success to his limited resources and the State of

Connecticut and City of Hartford's bias against hiring ex-offenders. Mr. Williams notes that the conditions of his probation prohibit him, as a sex offender, from seeking employment in any business or venue frequented by or with employees under age seventeen. Thus, he was unable to seek employment at fast food restaurants, supermarkets, skating rinks, shopping malls, clothing stores, or libraries. At the end of the three-week period, Mr. Williams resorted to criminal conduct and was reincarcerated.

## II.     Analysis

Mr. Williams states that he is not asserting a claim for emotional distress or challenging the conditions of confinement following his reincarceration. He sets forth four § 1983 claims and one state constitutional claim, arguing that because he was an ex-prisoner convicted of a sexually-related offense, the defendants (1) deprived him a liberty interest in seeking and acquiring employment, housing, and benefits and denied him equal protection of the laws; (2) deprived him of a property interest and subjected him to discrimination; (3) denied him equal protection of the laws by denying him housing and financial assistance; (4) were deliberately indifferent to the plaintiff's needs in violation of the Eighth Amendment when they denied him city or state assistance; and (5) denied him due process and equal protection of the laws in violation of Article 21st of the Connecticut Constitution by enforcing state policy to refuse him housing, benefits and employment opportunities.

The limitations period for filing a section 1983 action in Connecticut is three years. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). "Federal law determines when a section 1983 cause of action accrues." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). The Second Circuit has held that a section 1983 cause of action accrues "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (quoting

*Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm.") (internal quotation marks and citation omitted). Although the statute of limitations ordinarily is an affirmative defense, the district court "may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)).

Mr. Williams alleges that his injury occurred in March 2008. He was aware of his injury since that date. Thus, any claims should have been filed no later than March 2011. He did not sign and file his complaint until February 2015, four years too late. Thus, the § 1983 claims are untimely filed.

Mr. Williams states, without authority, that the limitations period was equitably tolled upon his reincarceration and did not begin to run until the date of his sentencing.[1] Compl. ¶ 1, ECF No. 1. "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled . . . ." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007).

> "Equitable tolling is generally considered appropriate where the plaintiff actively pursued judicial remedies, but filed a defective pleading during the specified time period . . . where the plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant . . . or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion . . . When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine

---

[1] The Department of Correction website indicates that the plaintiff was sentenced on March 1, 2012. *See* DEPARTMENT OF CORRECTION, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=250996 (last visited July 14, 2015).

> (1) has acted with reasonable diligence during the time period she seeks to have tolled and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."

*Ramos v. State Dep't of Correction*, No. DBD135009197, 2014 WL 5472171, at *8 (Conn. Super. Ct. Sept. 30, 2014) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Authority*, 333 F.3d 74, 80-81 (2d Cir. 2003)).

Mr. Williams has alleged no facts suggesting that the limitations period should be tolled until he was sentenced on criminal charges or demonstrating that he acted diligently to file a timely complaint. Accordingly, the § 1983 claims are dismissed without prejudice as time-barred.

The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claim under the Connecticut Constitution. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). The plaintiff may file an amended complaint if he can allege facts sufficient to warrant equitable tolling of the limitations period. Any amended complaint shall be filed within thirty days from the date of this order.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as untimely filed.

(2) If no amended complaint is filed within the time permitted in this order, the Clerk is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED** this fourteenth day of July 2015 at Bridgeport, Connecticut.

                                             /s/ Victor A. Bolden
                                            Victor A. Bolden
                                            United States District Judge