UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LESLIE WILLIAMS,<br>　　　Plaintiff, | : <br> : <br> : <br> : | CASE NO. 3:15-cv-00285 (VAB) |
| v. | : <br> : | |
| CITY OF HARTFORD, et al.,<br>　　　Defendants. | : <br> : <br> : | DECEMBER 21, 2015 |

### INITIAL REVIEW ORDER RE AMENDED COMPLAINT

On July 14, 2015, the Court entered an Initial Review Order dismissing the complaint as untimely filed. The Court determined that Mr. Williams's section 1983 claim accrued in March 2008 and he did not file this action until February 2015. Thus, the action was barred by the three-year limitations period. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (section 1983 limitations period is three years). The Court also declined to exercise supplemental jurisdiction over any state law claims. The dismissal was without prejudice to filing an amended complaint if Mr. Williams could demonstrate that the limitations period should be equitably tolled. Mr. Williams has unsuccessfully attempted to demonstrate equitable tolling.

In his amended complaint, Mr. Williams contends that the limitations period was equitably tolled during the time he was incarcerated. He states that he was confined at Northern Correctional Institution on March 30, 2008, and had no access to a law library, or other inmates versed in the law, until he was transferred to Hartford Correctional Institution on June 25, 2012. Thus, Mr. Williams contends that the court should commence the limitations period on June 25, 2012. Under Mr. Williams's calculations, the limitations period would end on June 25, 2015,

rendering his February 2015 complaint timely filed.

As the Court explained in the Initial Review Order, state tolling rules determine when the limitations period has been tolled. *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007). Thus, Mr. Williams must identify applicable Connecticut law holding that a limitations period is tolled during a period of incarceration. The authorities Mr. Williams cites, from the Ninth and Seventh Circuits and the district courts for the District of Columbia and Eastern District of Washington, are inapplicable here. In Connecticut, imprisonment does not toll the limitations period for any cause of action unless the claim is for false imprisonment or the specific statute specifies that imprisonment tolls the limitations period. *See Kirwan v. State*, 31 Conn. Supp. 46, 50-51 (Conn. Super. Ct. 1974).

In addition, even if the Court were to find that equitable tolling could apply, Mr. Williams has not shown that he meets the additional requirements. As explained in the Court's Initial Review Order, to warrant equitable tolling, the plaintiff must have been actively pursuing judicial remedies by acting diligently during the time period he wishes to have tolled but was prevented from filing by extraordinary circumstances. *See Ramos v. State Dep't of Correction*, No. DBD135009197, 2014 WL 5472171, at *8 (Conn. Super. Ct. Sept. 30, 2014). Mr. Williams states that he was confined at Northern Correctional Institution and was unaware of the law, or that he had suffered constitutional violations, prior to his transfer to Hartford Correctional Center in March 2012. "A lack of the awareness of the law and procedures does not in itself constitute an extraordinary circumstance warranting equitable tolling even for those acting pro-se and claiming ignorance of the law or a lack of understanding of pro se procedures." *Taylor v. Office of Public Hearings for Comm'n on Human Rights & Opportunities*, No. CV094019897S, 2009 WL 5777929, at *1 (Conn. Super. Ct. Oct. 6, 2009). Thus, Mr. Williams has not demonstrated

that the limitations period in this case should be equitably tolled.

All federal claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as time-barred, and the Court declines to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c)(3). The Clerk is directed to enter judgment in the Defendants' favor and close this case.

**SO ORDERED** this twenty-first day of December 2015 at Bridgeport, Connecticut.


 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE